UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY‌ ⎼⎼⎼⎼⎼⎼⎼⎼⎼⎼

2007 JUL -3  AM 11: 16

CLARENCE ⎼⎼⎼⎼⎼⎼
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

TEAM ENTERPRISES, INC.,
a Massachusetts Corporation, and
RETAILTRAC, L.L.C.,
A Delaware Corporation,

      Plaintiffs,

vs.

KEN WAHLER, individually, and
SALESTRAC, INC., a Maryland
Corporation,

      Defendants.

_____/

CASE NO.

# 07-21697
## CIV-UNGARO
MAGISTRATE JUDGE
O'SULLIVAN

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1446, 1441, 1332 and 1367, Defendants Ken Wahler ("Wahler")
and SalesTrac, Inc. ("SalesTrac"; Wahler and SalesTrac will be collectively referred to herein as
"Defendants"), give notice of their removal of this action from the Circuit Court of the 11th
Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") to the United States
District Court for the Southern District of Florida, and state:

    1.    On June 9, 2006, Plaintiffs Team Enterprises, Inc. and RetailTrac, L.L.C
apparently filed a complaint against Defendants in the State Court. For reasons unknown,
Plaintiffs did not serve the complaint upon Defendants.

    2.    On June 26, 2007, Plaintiffs filed an amended complaint (the "Amended
Complaint") against Defendants containing the following five counts, all allegedly emanating
from an oral contract between the parties:

a.  Count I purports to state a claim against Wahler for alleged fraud in the inducement.

b.  Count II purports to state a claim against Wahler for breach of the alleged oral agreement.

c.  Count III purports to state a claim against SalesTrac for alleged conversion.

d.  Count IV purports to state a claim against Defendants seeking declaratory and injunctive relief.

e.  Count V purports to state a claim against the Defendants for replevin of computer software source code and other data.[1]

3.      On June 29, 2007, Defendants were purportedly served with process in this case for the first time, including the Amended Complaint, a summons and a motion seeking entry of an order to show cause why a writ of replevin should not be entered forthwith. A copy of each of such filings is attached hereto as composite Exhibit A.

4.      Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      As alleged in paragraph 2 of the Amended Complaint, Plaintiff Team Enterprises, Inc. is a Massachusetts corporation with offices in Miami-Dade and Broward counties.[2] As

---

[1] Curiously, Plaintiffs impermissibly seek a Florida writ of replevin concerning property Plaintiffs freely admit is located in the State of Maryland. *See* Amended Complaint, ¶ 57(g); *Inversiones S.O.S v. First Union National Bank of Florida*, 702 So.2d 285, 285 (Fla. 4th DCA 1997) (Florida court had no jurisdiction to issue writ of replevin as to property not located in Florida).

[2] The caption of Plaintiffs' papers erroneously indicate that Team Enterprises is a Florida corporation, contradicting the allegation in the Amended Complaint that it is a Massachusetts corporation. In conformity with the Amended Complaint, filings with the Florida Secretary of State show a Massachusetts corporation named Team Enterprises, Inc. as registered to do business in Florida. *See* Exhibit B attached hereto.

2

alleged in paragraph 3 of the Amended Complaint, Plaintiff RetailTrac, L.L.C. is a Delaware limited liability company with offices in Miami-Dade and Broward counties.[3]

6.      Defendant Wahler is a citizen of Maryland.  *See* Declaration of Ken Wahler attached hereto as Exhibit C.  Defendant SalesTrac is a Maryland corporation with its principal office in Baltimore County, Maryland. *See id*; Amended Complaint at ¶ 5.

7.      According to the Amended Complaint, Plaintiff seeks or may seek recovery "in excess of $75,000" in connection with Counts I, II and III. Amended Complaint, ¶¶ 18, 28, and 39.

8.      According to the Amended Complaint, the value of the property allegedly subject of replevin in Count V "is at least $1,000,000.00." Amended Complaint, ¶ 57(f).

9.      Thus, it is facially apparent from the Amended Complaint that the amount in controversy in Counts I, II, III and V exceeds $75,000.

10.      Pursuant to 28 U.S.C. §1332(a)(l), this Court has original jurisdiction over Counts I, II, III and V because these counts involve citizens of different states (plaintiffs incorporated in Massachusetts and Delaware with offices in Florida; defendants incorporated in Maryland with offices in Maryland,  and a citizen of Maryland), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.      Section 1441(a) of Title 28 of the U.S. Code authorizes the removal of civil actions from state court to federal court, provided that the federal district court to which the action is removed has original jurisdiction over the action.  Because this Court has original

---

[3] The caption of Plaintiffs' papers also erroneously indicate that RetailTrac, L.L.C. is a Delaware "corporation," contradicting the allegation in the amended complaint that it is a limited liability company.

HERRON JACOBS ORTIZ
1401 Brickell Avenue Suite 840 Miami Florida 33131 (305) 779-8103

jurisdiction over Counts I, II, III and V, removal of these claims is appropriate under 28 U.S.C. §1441(a).

12.     Count III seeks a declaratory judgment and equitable relief related to the matters in the other counts of the Amended Complaint, but the amount in controversy in Count IV is not specifically pleaded.  Given the substance of the other counts in the complaint and the close relationship of all counts, it would appear that the amount in controversy in Count IV is greater than $75,000 and that it is similarly subject of removal.  Even assuming *arguendo* that it is not, 28 U.S.C. §1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Count IV is so related to Counts I, II, III and V that it forms part of the same case or controversy. Additionally, Count IV does not raise novel or complex issues of state law, does not substantially predominate over the other counts, and there are no exceptional circumstances or compelling reasons for declining to exercise supplemental jurisdiction over Count IV. *See* 28 U.S.C. § 1367(c). Accordingly, the exercise of supplemental jurisdiction over Count IV is appropriate.

13.     Defendants' removal is procedurally timely under 28 U.S.C. § 1446(b), because it is filed within 30 days after the initial (purportedly sufficient) service of process in this case upon Defendants under Florida Law. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct 1322 (1999); *Goodyear Tire & Rubber Co. v Fuji Photo Film Co., Ltd.*, 645 F.Supp 37 (S.D. Fla. 1986).

4

14.     A copy of this Notice of Removal has been served upon Plaintiff and has been filed with the clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

HERRON | JACOBS | ORTIZ
Attorneys for Plaintiff
1401 Brickell Avenue, Suite 840
Miami, FL 33131
Phone: 305-779-8103
Fax: 305-373-2735
E-mail: aherron@hjo-law.com

By: _____
(Andrew R. Herron)
Florida Bar No.: 861560

5

## **Certificate of Service**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served by fax [305-221-5321], e-mail [ralayon@alayonlaw.com] and first class U.S. Mail, postage prepaid, this **3** day of July, 2006, upon Richard A. Alayon, Esq., Brooks & Alayon, L.L.P, 4551 Ponce de Leon Boulevard, Coral Gables, Florida 33146.

HERRON | JACOBS | ORTIZ

Andrew R. Herron

6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

Team Enterprises, Inc., a Florida
Corporation, and RetailTrac, L.L.C.,
a Delaware Limited Liability Company

GENERAL JURISDICTION DIVISION

CASE NO.: 06-11198 CA 32

                    Plaintiff,              **(JURY TRIAL REQUESTED)**

v.

Ken Wahler, Individually, and
SalesTrac, Inc., a Maryland
Corporation, f/k/a Allureware, Inc. and
a/k/a Allureware, Inc. DBA Salestrac, Inc.

                    Defendants.
                                        /



## **AMENDED COMPLAINT**

### **Nature of Plaintiff's Claims**

1.    The nature of each of Plaintiffs' claims is as follows:

A.    Count I - Suit for damages in excess of $75,000 against defendant Ken Wahler for fraud in the inducement.

B.    Count II - Suit for damages in excess of $75,000 against defendant Ken Wahler for breach of oral agreement.

C.    Count III - Suit for damages in excess of $75,000 against Defendant SalesTrac for conversion.

D.    Count IV - Suit for declaratory judgment and for supplemental relief under Fla. Stat. Chapter 86, including, without limitation, an injunction with respect to intellectual property (e.g., computer software and source code and related business and trade secrets) and confidential and trade secret information of Plaintiff and of third parties



EXHIBIT
A

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

entrusted to Plaintiff.

   E. Count V – Suit for Replevin, seeking the return of computer software program and source code and other proprietary, confidential, or trade secret information of the Plaintiffs, or entrusted to one or more of the Plaintiffs, in the possession and control of the Defendants.

**Identity of the Parties**

   2. Plaintiff Team Enterprises, Inc. is a mass corporation with offices in Broward and Miami-Dade Counties (hereinafter referred to as "Plaintiff Team"). During all pertinent times, Plaintiff Team has been engaged in providing services and related software for use by the soft drink, beer, wine and spirits industries and in developing new and potential businesses. These activities are primarily conducted in the State of Florida and throughout the United States.

   3. Plaintiff RetailTrac, L.L.C.. is a Delaware Limited Liability Company with offices in Broward and Miami-Dade Counties (hereinafter referred to as "Plaintiff RetailTrac"). Plaintiff Team caused Plaintiff RetailTrac to be established for the purpose of maintaining separate product identification for the computer software and related services that Plaintiff Team had created or caused to be created for its exclusive ownership and licensing to others. During all pertinent times, Plaintiff RetailTrac has been engaged in providing services and related computer software for use by the soft drink, beer, wine and spirits industries and in developing applications for its services and software to other industries. These activities are conducted in the state of Florida and throughout the United States.

   4. Based on information and belief, Defendant Ken Wahler ("Defendant

2

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

Wahler") has his principal residence in and is a citizen of the State of Maryland, but transacted the business relevant to the jurisdictional matters covered in this Amended Complaint in Florida.

5.      Defendant SalesTrac, Inc., f/k/a Allureware, Inc. and a/k/a Allureware, Inc. DBA Salestrac, Inc. is a Maryland corporation whose publicly reported principal office is at 1758 Greenspring Valley Road, Stevenson, Maryland 21153 (see website of the Maryland Department of Assessments and Taxation) ("Salestrac"). Prior to March 27, 2006, corporate Defendant Sales Trac operated under the legal corporate name of Allureware, Inc.   On such date, individual Defendant Ken Wahler caused such corporation to change its name to one similar to the RetailTrac name (possibly having the effect, whether intended or not, of creating product identification with such entity at the expense of RetailTrac, which was already in operation). Such corporation engaged in the tortuous acts relevant to this Complaint in Florida by and through its controlling officer and owner Ken Wahler.

### Jurisdiction

6.      This court has personal jurisdiction over the Defendants by virtue of the Defendant, Ken Wahler is a party to, or otherwise bound by, a contract negotiated, formed, performed and breached in the State of Florida.  Mr. Wahler used Defendant, Sales Trac, L.L.C. to breach such contract, acting as its controlling offer and owner. Both Defendants engaged in tortuous acts in Florida.  In addition, one or both of the Defendants committed tortious acts at least in part within the state of Florida. The above actions by the Defendants subject them to the personal jurisdiction of this court pursuant to Florida's Long-Arm Statute, §48.193, F.S. (2005).

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

7.    This court also has jurisdiction over this matter inasmuch as Count XIII of this complaint seeks a declaratory decree under Chapter 86 of the Florida Statutes (2005). *See Fla. Stat. § 86.011.*

### Venue

8.    Venue exists in this County for the following reasons:

A.    Virtually all of the necessary nexus activities for establishment of proper venue and the basis for the causes of action listed hereinafter occurred in or about Miami-Dade County, Florida.

B.    The personnel and operations of the business that is at the center of the dispute represented by this Complaint are currently located in or about Miami-Dade County, Florida. The majority of the persons whose testimony will be required at trial and in deposition are located in or about South Florida while only Mr. Wahler is located in Maryland.

### General Background Facts as to All Counts

9.    For a number of years before May 2003, Plaintiff Team and its principals engaged in business activities related to the marketing of alcoholic and nonalcoholic beverages and provided services to manufacturers, distributors, and retailers in the non-alcoholic and alcoholic beverages industries.

10.    During that time, Plaintiff Team developed confidential business methods and processes that it maintained as trade secrets. To achieve a high degree of success in the "connected", international business environment faced by modern day businesses, Team envisioned the incorporation of their trade secrets and confidential business methods and practices into a software program that would enable manufacturers,

4

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

distributors, and retailers to stay "connected" and, among other things, track inventory and sales in a practical and convenient format. The general idea was to better coordinate the marketing and inventory facets of the beverage and spirits industries, provide for a more practical and efficient billing method for services and other items, and provide a more efficient method of paying certain, trained and experienced independent contractors and other personnel and monitoring their time commitments and evaluating the results of marketing efforts. In addition, Team envisioned the expansion of the computer software to track and process important information relative to the business of Plaintiff Team (e.g., the names, addresses, and other contact information of its trained independent contractors and their rates of compensation). Further, Team envisioned the software serving as a streamlined and valuable client billing and independent contractor tracking, scheduling of event marketing coverage, and payment system. Team eventually gave this process the name "RetailTrac". To work efficiently and effectively, the process was conceptualized and designed by Team to receive, store, and process confidential and trade secret information of Team and of its customers to whom Plaintiff owed a contractual and common law duty of protection of the confidentiality of such information. For example, the program would receive and store a list and contact information of all of Team's clients and Team's marketing focus groups.    Team designed its operations in a confidential and proprietary mode. It assembled groups of marketing personnel who would be paid as independent contractors, receive specialized training on marketing products or in specific industries that Team would service as a specialized marketer, and who would form an integral part of a "team" (hence the company name) to provide to-notch marketing services to Team's clients. The list of such person's names and contact

5

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

information is extremely valuable to Team and potentially of great value to its competitor.

11.     To actualize its software concept and design, Team assembled a design group and hired a software programmer to build the software program, using Team's confidential and proprietary trade secrets and information and its concepts and ideas for the software that reflected Team's proprietary business methods and practices.

12.     Team provided the "for hire" software engineer the concept and design of the computer program and the desired screens and functions. The software engineer drafted the computer software code in an attempt to cause the computer software to fulfill Team's concept and design. The project produced the first version of the computer software program in dispute among the parties.

13.     At some point in time, Plaintiff Team encountered problems with such software. The software code required adjustment and rethinking. The program was not working as conceptualized and designed by Team.

14.     Plaintiff Team did not feel they had sufficient expertise in-house to do such adjustments and had lost confidence in its "for hire" software engineer to effect such adjustments.

15.     By mid 2003, Plaintiff Team had met and determined that Defendant Wahler appeared to have the ability they required to adjust and draft new software code for the program, and Team held discussions with such Defendant about hiring him as an independent software contractor to help Plaintiff Team. Team offered to hire Wahler to adjust or write new code for the software as an independent contractor with no

6

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

proprietary interest in the software or its inherent trade secrets or confidential processes
and business methods.

16.    On or about May 26, 2003, Plaintiff Team met with Defendant Wahler at
Perricone's restaurant near Brickell in Miami, Florida (the "Perricone Meeting").
Plaintiff Team maintains an office near such location. At such meeting, Defendant
Wahler verbally accepted the "for hire" offer of Plaintiff Team for the redrafting of the
software so that it would achieve Team's design and intended purposes in keeping with
its business model and confidential and trade secret processes (the "RetailTrac
software"). Later, Plaintiffs and Defendants expanded the agreement to include the
hosting of the software on an internet platform by Defendants on a monthly fee or other
"for hire" basis without Defendants being entitled to any ownership interest in the
software or the confidential data it captures.

17.    Plaintiffs have retained undersigned counsel to represent them in filing
and prosecuting this case and have incurred and are responsible for all attorneys' fees and
costs associated therewith.

### Count I
### (Damages for Fraud in the Inducement
### Against Ken Wahler)

Plaintiff Team sues Defendant Wahler and alleges as follows:

18.    This is a cause of action for damages in excess of $75,000 against
Defendant Wahler for breach of a contract negotiated in South Florida and formed among
Plaintiff Team and Defendant Wahler in or about Miami-Dade County, Florida.
Plaintiffs performed their part of the Contract South Florida. Wahler performed a
significant part of his obligations under the Contract in South or about Miami-Dade

7

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

County, Florida.

    19.    Plaintiff reincorporates the allegations of paragraphs 2-17, above.

    20.    At the Perricone Meeting, Ken Wahler made the following statements to Defendant Team:

    A.    Defendant Wahler was an honest individual.

    B.    Defendant Wahler was a computer software expert who would work for a fee to draft computer software code for its RetailTrac computer software.

    C.    Defendant Wahler did not intend to misappropriate or lay any claim to the resulting computer software product.

    D.    Defendant Wahler understood and would not to breach the strict confidentiality of, or use or otherwise disclose, any or all confidential information and business or trade secrets and data of Plaintiff Team, or of third persons entrusted to Team, or use such information, data, or secrets, directly or indirectly, for his personal gain to the detriment of Plaintiff Team.

    E.    Defendant Wahler did not directly or indirectly intend to breach the strict confidentiality of the RetailTrac software program of Plaintiff Team, or reengineer it or otherwise duplicate it in whole or in part for use by him or anyone else, and did not intend to misappropriate it in any shape or fashion or otherwise misappropriate any of Plaintiff Team's business opportunities or gainful activities related to or arising out of such software, its applications, marketing, or any other uses. Further, Defendant Wahler stated that he understood the information that would be maintained by the program would include third party information of a confidential nature entrusted to Team by its clients and that such information must be maintained in the strictest

8

confidentiality and not misappropriated or malused by him.

F.     Defendant Wahler intended to provide software development services for the exclusive use and benefit of Plaintiff Team in exchange for a fee.

G.     Defendant Wahler intended that Plaintiff Team (or a company that it would form, i.e., Plaintiff RetailTrac) would become the owner of all intellectual property and software source code developed by Defendant Wahler, and such entity(ies) would retain exclusive ownership thereof.

H.     Defendant Wahler was a trustworthy individual who would not lie to Plaintiff Team in an effort to steal its valuable trade or business secrets or computer software and was a "man of his word".

21.    The statements were false.   With respect to the statements of his intentions, Defendant Wahler did not have the intentions that he stated to Plaintiff Team.

22.    The statements were false as follows:

A.     Defendant Wahler was not then an honest individual and is not one today.

B.     Defendant Wahler was not a computer software expert who would work for a fee and adjust its RetailTrac computer software and without intending to try to assume ownership over the resulting work product.

C.     Defendant Wahler intended to misappropriate or lay claim to the resulting computer software product.

D.     Defendant Wahler intended to breach the strict confidentiality of any and all business and trade secrets of Plaintiff Team and use such secrets for his personal gain to the detriment of Plaintiff Team.

9

E.      Defendant Wahler intended to breach the strict confidentiality of
the RetailTrac a/k/a Sales Trac software program of Plaintiff Team, and to reengineer or
otherwise duplicate the program for use by him or another, and to misappropriate it and
any of Plaintiff Team's business opportunities or gainful activities related to or arising
out of such software, its applications, marketing, or any other uses. Defendant Wahler
intended to use the confidential third party information of Team's clients for his own
business purposes and, possibly, disclose it to third parties.

F.      Defendant Wahler did not intend to provide software source code
services for the exclusive use and benefit of Plaintiff Team in exchange for a fee. In fact,
he intended all along to acquire the software for himself and learn the confidential and
secret business and trade practices of Plaintiff Team, and to acquire confidential data, and
to benefit therefrom to the exclusion of Plaintiff Team.

G.      Defendant Wahler did not intend for Plaintiff Team (or a company
that it would form, i.e., Plaintiff RetailTrac) to become the owner of all intellectual
property and software source code developed by Defendant Wahler, nor that such
entity(ies) would acquire and retain exclusive ownership thereof.

H.      Defendant Wahler was not then a trustworthy individual, nor is he
one today, and would and did lie to Plaintiff Team in an effort to steal its valuable trade
or business secrets or computer software and was not a "man of his word".

23.     Defendant Wahler knew at the time he made such statements, including,
without limitation, his statements of intent, that the statements were false.

24.     The following actions of Defendant Wahler demonstrated the statements

10

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

were false, particularly the statements of his intentions[1]:

    A.    He changed the name of a Maryland corporation that he owned to the almost the identical substantive name of Plaintiff RetailTrac, the only difference being replacement of the word "Retail" with the word "Sales", i.e., to "SalesTrac". One of the purposes of such change appears to be the creation of a substantially similar company name and associate the RetailTrac computer software and services, and intellectual property, with his company, all to the detriment of Plaintiffs.

    B.    He commenced a concerted effort to market his services and computer software to perform the same or substantially identical tasks as the RetailTrac computer software and used the name Sales Trac for such competing and duplicate computer software, all to the effective exclusion of Plaintiffs. Specifically, he contacted one or more major beverage industry companies and promoted himself and SalesTrac in a manner that did not include any statement that the RetailTrac a/k/a SalesTrac product was the sole and exclusive intellectual property of Plaintiffs.

    C.    He and SalesTrac have collected fees and profits from the use of the RetailTrac a/k/a Sales Trac program and other intellectual property for his benefit and account to the effective exclusion of Plaintiffs.

    D.    He has verbally and in writing asserted ownership of the RetailTrac a/k/a SalesTrac program and other intellectual property and has offered to license it back to Plaintiffs. In that regard, Defendant Wahler has even dispatched a draft of a licensing agreement to Plaintiffs, which effectively states his company Defendant SalesTrac is the owner of the intellectual property of Plaintiffs and is offering to license it

---

[1] Such actions are merely a sample of the actions taken by him and are not intended to be mutually exclusive nor preclude additional actions from being discovered and proven at the trial of this matter.

11

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

to Plaintiffs.

   E. Defendant Wahler recognized the profit potential of RetailTrac a/k/a Sales Trac and made such untrue statements for the purpose of causing Plaintiff Team to rely on such statements and to disclose sensitive and valuable trade and business secrets of Plaintiff Team and the computer source code of the RetailTrac a/k/a Sales Trac software.

   F. Plaintiff Team relied on such representations of Defendant Wahler and disclosed its valuable business and trade secrets and the computer software code of its then existing program to Defendant Wahler and hired him as an independent contractor to adjust and further develop the software now known as RetailTrac a/k/a SalesTrac (the "Disputed Software").

   G. Defendant Wahler billed for his services using invoices addressed to Plaintiff Team on a printed format that purported to come from a company called SalesTrac that does not appear to have been in existence at the time of the invoices.[2] Plaintiff Team paid such invoices.

   25. Defendant Wahler has engaged or caused Defendant SalesTrac (a company that he effectively controls and receives valuable economic benefits from) in the following actions that have resulted in damages to Plaintiffs:

   A. Defendant Wahler has caused his company Defendant SalesTrac, Inc. to market the same services and software products as the services and software products of Plaintiffs, using the trade or business secrets and computer software of Plaintiffs obtained as a result of the false statements uttered by Defendant Wahler.

---

[2] The invoices predate the name change amendment in 2006 for Allureware, Inc. Accordingly, it would appear at first glance that Defendant Wahler was billing for his "for hire" work under a fictitious name.

12

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

---

**B.** Defendant Wahler changed the name of the Maryland Corporation he controlled to SalesTrac, a name substantially similar to Plaintiff RetailTrac, which serves to create user confusion, dilute the business identity of Plaintiff RetailTrac and its computer software, and effectively compete directly with Plaintiffs, using the trade or business secrets and computer software of Plaintiffs that Defendants obtained as a result of the false statements specified above.

**C.** Defendant Wahler dispatched an agreement entitled "Software Licensing Agreement" to Plaintiffs laying claim to the trade and business secrets of Plaintiffs and its computer software known as RetailTrac a/k/a SalesTrac and offering to license it back to Plaintiff.

**D.** Defendants have retained the computer software code and have refused to return it to Plaintiffs.

**E.** Defendants have revealed the confidential third party information to third parties and have otherwise malused such information.

**F.** Defendants have revealed the confidential information of Team relative to its trained independent contractors to competitors of Team.

**G.** Defendants have engaged in actions intended to form a business in direct competition with Plaintiffs and are malusing and misappropriating the confidential information for their own business purposes.

26. As a consequence, Plaintiffs have suffered and are continuing to suffer significant monetary damages and are unable to advance the interests of their business.

27. Plaintiffs have retained the services of undersigned counsel and are obligated to pay them a reasonable fee therefor.

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Wahler for damages, attorney's fees, pre-judgment and post judgment interest, and in the event that the Court determines the award of punitive damages is proper, for punitive damages.

## Count II
### (Damages Under Breach of Oral Agreement Against Defendant Wahler)

Plaintiff Team sues Defendant Wahler and alleges as follows:

28.     This is a suit for damages in excess of $ 75,000 arising out of a contract entered into, to be performed in significant part performed and breached in or about Miami-Dade County, Florida.

Plaintiff realleges the allegations of paragraphs 1-17, above.

29.     Plaintiff Team and Defendant Wahler entered into an oral agreement, under which Defendant Wahler would provide personal services, and act as a "for hire" software engineer, for Plaintiff Team.

30.     In pertinent part, the oral agreement contained the following terms and conditions:

A.     Defendant Wahler would provide personal services consisting of making adjustments to the existing software code and drafting new software code for Plaintiff Team.

B.     Plaintiff Team would pay Defendant Wahler for such services by a combination of fixed and hourly fees, the specific detail being contained in the invoices that Defendant Wahler presented for payment.

C.     Plaintiff Team agreed to provide additional compensation to Defendant Wahler by providing him with a ten percent (10%) minority equity interest in Plaintiff L.L.C., with an opportunity to increase such interest to fifteen percent (15%),

14

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

subject to his execution of a buy-sell and organizational agreement as to the entity to be incorporated that was satisfactory to Plaintiffs.

        D.     Plaintiff Team would retain all ownership rights in the RetailTrac a/k/a Sales Trac program and other intellectual property (e.g., the computer source code, etc.) and its valued components, which they would transfer to Plaintiff RetailTrac.

        E.     Defendant would maintain as confidential all business and trade secret information of Plaintiffs and its third party clients and trained independent contractors and not reveal it to anyone else or otherwise directly or indirectly use it or seek to profit from its use.

        F.     Defendant would not seek to assume control and use of the RetailTrac a/k/a Sales Trac software, or produce similar software, or market it to any of his contacts for his account.

        G.     Defendant Wahler would not directly or indirectly set up and pursue a business in competition with Plaintiffs, using their computer program and confidential information or that of their third party clients and trained independent contractors.

        H.     Defendant Wahler would provide all of the computer source code and the resulting, adjusted computer program known then as RetailTrac (later it also became known as SalesTrac) to Plaintiffs upon completion of his work.

        I.     In return for his compensation, and equity participation in a corporation or LLC to be formed (e.g., Plaintiff RetailTrac) , Defendant Wahler agreed to maintain the servers that would be connected to the internet and run the RetailTrac a/k/a

15

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

SalesTrac computer program and would ensure that no interruption in such service occurred for customers who use RetailTrac a/k/a SalesTrac.

        J.     Plaintiff Team has materially complied with its obligations under the oral agreement and performed its duties thereunder.

     31.    Defendant Wahler has breached the oral agreement as follows:

        A.     Defendant Wahler has engaged in actions and taken positions that challenge the ownership rights of Plaintiffs in RetailTrac a/k/a SalesTrac and its valued components and intellectual property.

        B.     Defendant did not maintain all business and trade secret information of Plaintiffs confidential and has sought to profit from its use.

        C.     Defendant has sought and continues to assume control and use of RetailTrac a/k/a SalesTrac.

        D.     Defendant has sought and continues to market RetailTrac a/k/a SalesTrac to his contacts for his account.

        E.     Defendant has failed and continues to refuse to provide the source code and the resulting, adjusted computer program known as RetailTrac a/k/a SalesTrac to Plaintiffs.

        F.     Defendant Wahler has threatened to "shut off" the servers that are connected to the internet and run the RetailTrac a/k/a SalesTrac computer program and, thus, create an interruption in such service to customers who use RetailTrac a/k/a SalesTrac. Any such interruption would result in a serious disruption to the service and would effectively cause significant and serious losses to the Plaintiffs and the customers.

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

G.     Defendant Wahler has malused and misappropriated the confidential information for his and Defendant Sales Trac's business interests.

32.     Sometime in late 2005 or early 2006, Plaintiff Team received information that Defendant Wahler had breached the oral agreement in the respects stated above.

33.     Plaintiff Team has objected to such breaches and verbally demanded that Defendant Wahler comply with the terms of the oral agreement.

34.     Despite several overtures by Plaintiff Team and false and empty offers of cooperation by Defendants, each of them has failed and refuses to remedy such breaches.

35.     As a direct and foreseeable result of such breaches, Plaintiff Team has suffered and will continue to suffer damages, generally as follows:

A.     Plaintiff Team is unable to enjoy the exclusive use and benefit of its RetailTrac a/k/a SalesTrac product without the cloud on its title and ownership created by the actions of Defendants.

B.     Plaintiff Team is unable to market the RetailTrac a/k/a Sales Trac product as its own to important clients in the alcoholic and nonalcoholic beverage industries and expand its use to other potentially more lucrative industries and for other purposes.

C.     Plaintiff Team does not have a copy of the RetailTrac a/k/a SalesTrac program and is unable to gain access to it.

D.     A reduction in value or potential value of Plaintiff Team.

E.     A reduction in the value of the RetailTrac a/k/a SalesTrac intellectual property and its components (e.g., the computer software and source code).

17

F.   Plaintiff Team is experiencing lost business and the dissemination of its confidential and trade secret information to third parties, all to its detriment.

G.   Plaintiff Team is also experiencing the possible dissemination of other confidential and trade secret information that it is obligated to maintain as such, all to its detriment.

36.   In the interest of convenience, Plaintiff Team has attempted to settle its differences with Defendants amicably, all to no avail.

37.   Plaintiff Team has suffered, and continues to suffer, consequential, incidental, and other damages as a result of the breach by Defendant Wahler of the oral agreement.

38.   Plaintiff Team has engaged undersigned law firm to represent him in this suit and action and are obligated to pay a reasonable fee therefor.

**WHEREFORE**, Plaintiff Team demands judgment against Defendant Wahler for damages, interest (including both pre-judgment and post-judgment interest) and costs, and in the event that this Court determines that the award of punitive damages is proper, for punitive damages.

## Count III
### (Damages for Conversion Against Defendants Wahler and SalesTrac)

Plaintiffs sue Defendants and allege as follows:

39.   This is a suit for damages in excess of S 75,000 arising out of actions taken by the defendants at least in part in or about Miami-Dade County, Florida.

40.   Plaintiffs re-allege the allegations of paragraphs 2-17, 22-28, and 30 of this Complaint.

41.   Plaintiffs are the rightful and exclusive owners of intellectual property

18

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

consisting of a computer software program (and its source code) and related and inherent business and trade secrets. This property is known as RetailTrac a/k/a SalesTrac.

42.     Defendants have acknowledged that fact.

43.     However, Defendants have wrongly converted such property for themselves by doing the following:

A.     Defendants have engaged in actions and taken positions that challenge the ownership rights of Plaintiffs in RetailTrac a/k/a SalesTrac and its valued components and intellectual property.

B.     Defendants have sought to profit from the use of RetailTrac a/k/a SalesTrac in a manner that challenges the exclusive ownership of such asset by Plaintiffs.

C.     Defendants have sought and continue to assume control and use of RetailTrac a/k/a SalesTrac.

D.     Defendants have sought and continue to market RetailTrac a/k/a SalesTrac to their contacts for their account.

E.     Defendants have failed and continue to refuse to provide the source code and the resulting, tweaked and adjusted computer program known as RetailTrac a/k/a SalesTrac to Plaintiffs.

F.     Defendant Wahler has threatened to "shut off" the servers that are connected to the internet and run the RetailTrac a/k/a SalesTrac computer program and, thus, create an interruption in such service to customers who use RetailTrac a/k/a SalesTrac. Any such interruption would result in a serious disruption to the service and would effectively cause significant and serious losses to the Plaintiffs and the customers.

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

44.     Plaintiffs have been damaged and continue to suffer damages as a result of the defendants' wrongful misappropriation, use and retention of such property in the following respects:

A.      Plaintiffs are unable to enjoy the exclusive use and benefit of their RetailTrac a/k/a SalesTrac product without the cloud on its title and ownership created by the actions of Defendants.

B.      Plaintiffs are unable to market the RetailTrac a/k/a SalesTrac product as their own to important clients in the alcoholic and nonalcoholic beverage industries.

C.      Plaintiffs do not have a copy of the RetailTrac a/k/a SalesTrac program and are unable to gain access to it.

D.      A reduction in value of Plaintiffs.

E.      A reduction in the value of the RetailTrac a/k/a SalesTrac intellectual property and its components (e.g., the computer software and source code).

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, interest and costs, and, in the event that this Court determines that such is appropriate, for punitive damages.

## Count IV
### (Suit for Declaratory Judgment and Supplemental Relief under Chapter 86 Against Defendants Wahler and SalesTrac)

Plaintiffs sue Defendants, and allege as follows:

45.     This is a suit for declaratory judgment under Florida Statute Section 86.011 (2006). The facts and circumstances giving rise to this request for declaratory relief have occurred in substantial measure in or about Miami-Dade

20

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

County, Florida.

46.     Plaintiffs re-allege the allegations of paragraphs 2-17, 22-28, 30, and 33-34 of this Complaint.

47.     Based upon the foregoing facts, Plaintiffs believe that they are the rightful owners of the so-called RetailTrac a/k/a Sales Trac software program (and its source code and other intellectual property and inherent business and trade secrets) and all aspects thereof.

48.     Defendants have contended, and continue to contend that, and act as if, they are the owners of the RetailTrac a/k/a Sales Trac computer software program and its components (and its source code and other intellectual property and inherent business and trade secrets).

49.     Defendants' actions have cast doubt as to the rights of ownership of Plaintiffs in the RetailTrac a/k/a SalesTrac program and require the equitable intervention of this Court.

50.     This Court should declare that Plaintiffs are entitled to sole ownership, and have sole ownership of, the RetailTrac a/k/a SalesTrac system, including, without limitation, all of its components (and its source code and other intellectual property and inherent business and trade secrets) for the following reasons:

        A.      Plaintiff Team developed the RetailTrac system and all of its components, and were marketing it and overseeing its use, before the relationship arose between Plaintiffs and Defendant Wahler. All that Defendant Wahler did was to provide computer software code drafting and consulting services (on a "for hire" basis) that took the existing business and trade secrets, and secret processes, inherent in the RetailTrac

21

a/k/a SalesTrac computer software source code and adjust it to accomplish the business ideas and development and design concepts of Plaintiffs. This does not give rise to a proprietary interest in the system itself in the Defendants.

      B.     In the event that this Court determines that there was a contractual relationship between the parties, the parties agreed that the RetailTrac a/k/a SalesTrac system and all of its components belonged to, and would continue to belong to, Plaintiffs.

      51.    Plaintiffs do not have an adequate remedy of law.

      **WHEREFORE**, Plaintiffs respectfully request this Court to do the following:

      a.     To take jurisdiction of this cause;

      b.     To declare the rights of the parties;

      c.     Specifically, to declare that the software program, and components thereof, including the computer source code and known as RetailTrac a/k/a SalesTrac, is the sole and exclusive property of Plaintiffs, and that Plaintiffs have sole and exclusive proprietary interest in the same and that such property constitutes "trade secrets" of Plaintiffs;

      d.     To grant such supplementary relief as may be required by virtue of the court's declaration, including the entry of an injunction enjoining Defendants and their agents, affiliated or related businesses, servants, employees, attorneys, and other persons acting on their behalf, from asserting ownership of the software program and source code (and other intellectual property and inherent business and trade secrets) known as RetailTrac a/k/a SalesTrac, and from utilizing or marketing same, and from disclosing any business or trade secrets related to same; and

      e.     To grant such other relief as this Court deems appropriate.

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

## Count V
### (Suit for Replevin of Computer Software Program and Source Code and Other Proprietary or Confidential Information of Plaintiff, or entrusted to Plaintiff By third Parties, Against Defendants Wahler and SalesTrac)
### Plaintiffs sue Defendant and allege as follows:

52.   This is a suit for replevin under Florida Statute Section 78.01 (2006). The facts and circumstances giving rise to this action have occurred in substantial measure in or about Miami-Dade County, Florida.

53.   Plaintiffs re-allege the allegations of paragraphs 2-17, 22-28, 30, 33-34, and 46 of this Complaint.

54.   Defendants have wrongfully detained and used for their personal gain the property of Plaintiffs (i.e., the computer software program and confidential and proprietary information and trade secrets of Plaintiffs – the computer program is known as RetailTrac a/k/a SalesTrac). The Defendants are in possession of the claimed property pursuant to an oral agreement that obligates them to provide web hosting and related services in connection with the operation of the computer program. Defendants have breached such agreement and the initial "for hire" contract as recited in the preceding counts of this Complaint. Plaintiffs have requested the return of the claimed property and Defendants have refused to provide it to Plaintiffs.

55.   Plaintiffs have also requested the cessation of its use by Defendants; however, Defendants refuse to discontinue the use of the claimed property for their profit and have disclosed the confidential and proprietary information captured in such property to third parties.

56.   The claimed property consists of a computer program, manuals, computer

23

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

source code, and confidential and proprietary data of Plaintiffs or their clients.
Such items are maintained in electronic media or other format, and data stored on
computer hard drives, servers, individual desktop computers, which are in the
possession and control of Defendants or persons under their direction and control.

57.    Plaintiffs further state as follows:

      f.    The value of such property is at least $1,000,000.00 and the value of
the confidential data is well into the millions, as it includes
confidential sales and location data that would provide an edge to
competitors if disclosed to them; and

      g.    The property in question is located in the possession and control of
the Defendants in or about their offices in or about 1758 Green spring
Valley Road, Stevenson, Maryland 21153.

58.    Plaintiffs are the owners, and, in the case of the third party data the
caretakers and rightful protectors, of the claimed property and are entitled to its sole
possession, use and/or control. The source of such title is set forth in the paragraphs
incorporated in this count above. In summary, the property consists of confidential and
trade secret information of Plaintiffs and a computer software program generally known
as Retail Trac a/k/a SalesTrac LLC. Further, attached hereto as Exhibit "A" is a true and
correct copy of a communication from the attorney for Defendant Wahler that includes a
letter agreement drafted by him and reciting that sole title and ownership to the claimed
property and confidential data captured in the computer software program that is the
subject of this action is the sole property of Plaintiff RetailTrac.

59.    The claimed property has not been taken for a tax, assessment, or fine

24

Team Enterprises, Inc. and RetailTrac, L.L.C. v. Wahler and SalesTrac, L.L.C.

pursuant to law.

60.     The claimed property has not been taken under an execution or attachment against the property of Plaintiffs.

WHEREFORE Plaintiffs demand judgment for possession of the property.

## Reservation of Right to Amend the Complaint to Allege Count for Treble Damages In Civil Theft under Florida Statutes Section 772.11 (2006)

Plaintiffs reserve the right to further amend this Complaint to include a count in civil theft under Florida Statutes Section 772.11 (2006), seeking treble damages, upon the satisfaction of all conditions precedent thereto. Attached hereto is a true and correct copy of a 30-day letter served on Defendants along with a copy of this amended complaint.

### Demand for Jury Trial

Plaintiffs respectfully demand trial by jury of all issues posed by this Complaint and which are triable as a matter of right by a jury of their peers.

Dated: June 25, 2007

BROOKS & ALAYON, L.L.P.
4551 PONCE DE LEON BOULEVARD
CORAL GABLES, FLORIDA 33146
(305) 221-2110
(305) 221-5321 (FAX)
Email  RALAYON@ALAYONLAW.COM

GARY S. BROOKS, ESQ.,
Fla. Bar No. 91328
RICHARD A. ALAYON, ESQ.,
Fla. Bar No. 934290
JORGE E. ISAAC, ESQ.
Fla. Bar No. 0845841
Attorneys for Plaintiffs

25

Jun 29 07 10:26a        lionel dausa                                    305-2627400          p.2

1679.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

Team Enterprises, Inc., a Florida
Corporation, and RetailTrac, L.L.C.,
a Delaware Corporation

GENERAL JURISDICTION DIVISION

CASE NO.: 06-11198 CA 32

                              Plaintiff,

v.

Ken Wahler, Individually, and
SalesTrac, Inc., a Maryland
Corporation,

                              Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
Defendant(s):

**Ken Wahler, Individually**
**1758 Greenspring Valley Road**
**Stevenson, MD 21153**
or
**901 East Fayette St.**
**Baltimore, MD 21202**
**(Work)**
**1501 Labelle Avenue**
**Ruxton, MD 21204**
**(Home)**

The defendant is hereby required to serve written defenses to the complaint or petition on Plaintiff's attorney:

**RICHARD A. ALAYON, ESQ.**
**BROOKS & ALAYON, LLP**
**4551 Ponce de Leon Boulevard**
**Coral Gables, FL 33146**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the
original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the
complaint or petition.

DATED ON _____        JUN 2 8 2007

HARVEY RUVIN,
As Clerk of the Court

By_____
      Deputy Clerk
      COURT SEAL

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office listed in the phone book.

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Petitioners' Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito. y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su requesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffissant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre l'argent, et vous biens peuvent etre saisis par la suite, sans accun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci dessous.

Jun 29 07 10:27a     lionel dausa                                    305-2627400          p.4

1678

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

Team Enterprises, Inc., a Florida
Corporation, and RetailTrac, L.L.C.,          GENERAL JURISDICTION DIVISION
a Delaware Corporation
                                              CASE NO.: 06-11198 CA 32

                        Plaintiff,

v.

Ken Wahler, Individually, and
SalesTrac, Inc., a Maryland
Corporation,

                        Defendants.
_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on

                        **SalesTrac, Inc.**
                   **Attn: Ken Wahler, President**
                   **1758 Greenspring Valley Road**
                       **Stevenson, MD 21153**

The defendant is hereby required to serve written defenses to the complaint or petition on Plaintiff's attorney:

                    **RICHARD A. ALAYON, ESQ.**
                    **BROOKS & ALAYON, LLP**
                    **4551 Ponce de Leon Boulevard**
                      **Coral Gables, FL 33146**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the
original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the
complaint or petition.

DATED ON _____   JUN 2 8 2007

                                              HARVEY RUVIN
                                              As Clerk of the Court

                                              By: _____   Ore 461
                                                  Deputy Clerk
                                                  COURT SEAL

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office listed in the phone book.

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Petitioners' Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante su tribunal, debera usted enviar por correo o entregar una copia de su requesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffissant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre l'argent, et vous biens peuvent etre saisis par la suite, sans accun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci dessous.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Team Enterprises, Inc., a Florida
Corporation, and RetailTrac, L.L.C.,          GENERAL JURISDICTION DIVISION
a Delaware Limited Liability Company          CASE NO.: 06-11198 CA 32

                          Plaintiff,

v.

Ken Wahler, Individually, and
SalesTrac, Inc., a Maryland
Corporation, f/k/a Allureware, Inc. and
a/k/a Allureware, Inc. DBA Salestrac, Inc.

                          Defendants.
_____/



### PLAINTIFFS' MOTION FOR ENTRY OF ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT ISSUE A WRIT OF REPLEVIN FORTHWITH OR, IN THE ALTERNATIVE, FOR OTHER IMMEDIATE EQUITTABLE RELIEF PENDING FINAL JUDGMENT ON THE COUNT IN REPLEVIN

Come now, the Plaintiffs and file this motion and in support thereof state as follows:

1.    The Amended Complaint filed in this matter includes a count in Replevin, seeking the return of a computer software program and confidential data that it maintains.

2.    Florida Statutes Section 78.065(1) (2006) requires the Court to examine the complaint without delay and consider further evidence provided by Plaintiffs and determine if Defendant has waived his, her, or its right to be notified of the Plaintiff's motion to obtain a writ of replevin and be heard in connection therewith. If the Court determines that such waiver has occurred, then it must promptly issue and order authorizing the clerk to issue a writ of replevin.

3.    Attached hereto as Exhibit "A" is a true and correct affidavit of Sean O'Toole attesting to the facts of ownership and wrongful detainment.

4.    Florida Statutes Section 78.065(2) (2006) requires the Court to issue an order to show cause why it should not issue the order of replevin, and fix a date and time for a hearing on the order, if it cannot determine that a waiver has occurred.

5.    Plaintiffs respectfully move this Court to issue an order to show cause under Florida Statutes Section 78.065(2) (2006) and attaches a proposed order in compliance with such section for the convenience of the Court.

4.    In the alternative, Plaintiff moves this Court for entry of an order providing other relief pending final judgment in replevin. Such other relief may take the form of placement of the computer software program and confidential data in the control and possession of a third party selected by the Court and that will agree to maintain such information and program confidential and not duplicate it. Such third party must have the capacity to "host" the program on an internet-based server in a manner similar to the current web-based format of the program.

4.    Plaintiffs have retained undersigned counsel to represent them in connection with the prosecution of this action and are obligated to pay reasonable attorneys' fees and costs therefor.

WHEREFORE, Plaintiffs respectfully move this Court for entry of an order granting this motion and the relief requested herein and for an award of reasonable attorney's fees and costs incurred by them in connection therewith and for such other relief as this Court deems appropriate or just under the facts and circumstances.

Respectfully Submitted,

BROOKS & ALAYON, L.L.P.
4551 PONCE DE LEON BOULEVARD
CORAL GABLES, FLORIDA 33146
(305) 221-2110
(305) 221-5321 (FAX)
Email RALAYON@ALAYONLAW.COM

GARY S. BROOKS, ESQ.,
Fla. Bar No. 91328
RICHARD A. ALAYON, ESQ.,
Fla. Bar No. 934290
JORGE E. ISAAC, ESQ.
Fla. Bar No. 0845841
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

26 day of June, 2007 to: Defendants c/o Ken Wahler, 1758 Greenspring Valley Road,

Stevenson, MD 21153.

BROOKS & ALAYON, L.L.P.
4551 PONCE DE LEON BOULEVARD
CORAL GABLES, FLORIDA 33146
(305) 221-2110
(305) 221-5321 (FAX)
Email RALAYON@ALAYONLAW.COM

GARY S. BROOKS, ESQ.,
Fla. Bar No. 91328
RICHARD A. ALAYON, ESQ.,
Fla. Bar No. 934290
JORGE E. ISAAC, ESQ.
Fla. Bar No. 0845841
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 06-11198 CA 32

Team Enterprises, Inc., a Florida
Corporation, and RetailTrac, L.L.C.,
a Delaware Limited Liability Company,

      Plaintiffs,

v.

Ken Wahler, Individually, and
SalesTrac, Inc., a Maryland
Corporation, f/k/a Allureware, Inc. and
a/k/a Allureware, Inc., d/b/a Salestrac, Inc.,

      Defendants.

_____/

## AFFIDAVIT OF SEAN O'TOOLE IN SUPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE AS TO WHY WRIT OF REPLEVIN SHOULD NOT ISSUED

      Before me the undersigned authority personally appeared, SEAN O'TOOLE, who being by

me duly sworn, on oath, states as follows:

      1.      My name is Sean O'Toole.

      2.      I reside in Miami-Dade County, Florida.

      3.      I am over the age of eighteen years and competent to execute this affidavit and attest

to the statements contained herein, all of which are based on my direct personal

knowledge.

4.    I am an employee of Plaintiff, Team Enterprises, Inc. and one of its officers and shareholders.

5.    I am a member of Plaintiff, RetailTrac, L.L.C. and one of its officers.

6.    I have reviewed the Motion for Order to Show Cause and the counts in Complaint, and the related factual statements contained herein, relating to replevin.

7.    I have direct personal knowledge as to each of the matters and attest that each is true and correct.

8.    Team Enterprises, Inc. contacted Wahler on a "for hire" basis to review our existing software program and draft new software code to effect our concept and design for the programs.

9.    Team necessarily disclosed confidential information to Mr. Wahler that he understood and agreed would be kept confidential and not used or disclosed by him in anyway whatsoever.

10.   Mr. Whaler has deceived us and is currently using the program and information for his own personal gain and has disclosed it to others.

11.   He maintains the information on servers located in or near his home. The information contained on those servers and the computer program is the sole property of Plaintiffs and Mr. Whaler has no right or entitlement to it.

12.   If this property s not returned to Plaintiffs, they will be severally and irreparably harmed.

[ACKNOWLEDGMENT AND NOTARY CLAUSE ON FOLLOWING PAGE]

**FURTHER AFFIANT SAYETH NAUGHT.**

SEAN O'TOOLE

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF DADE          )

BEFORE ME, the undersigned authority, personally appeared SEAN O'TOOLE who is _personally known to me_, or who has produced _____, as identification, who being first duly sworn, deposes and states that he has read the foregoing and that the allegations and statements contained therein are true and correct to the best of his knowledge and belief.

Signature

Jennifer Aleman
Commission # DD495107
Expires:   NOV. 30, 2009
www.AARONNOTARY.com

Print (Notary's Name)
Notary Public



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|---|---|---|---|---|---|

| Previous on List | Next on List | Return To List | |
|---|---|---|---|
| Events | No Name History | | Entity Name Search |

# Detail by Entity Name

## Foreign Profit Corporation

NATIONAL DIRECT PRODUCT MARKETING, INC.

## Cross Reference Name

TEAM ENTERPRISES, INC.

## Filing Information

| | |
|---|---|
| Document Number | F96000000224 |
| FEI Number | 043190742 |
| Date Filed | 01/12/1996 |
| State | MA |
| Status | ACTIVE |
| Effective Date | NONE |
| Last Event | REINSTATEMENT |
| Event Date Filed | 05/07/2003 |
| Event Effective Date | NONE |

## Principal Address

12240 S.W. 53RD STREET, SUITE 506
COOPER CITY FL 33330

Changed 05/07/2003

## Mailing Address

12240 S.W. 53RD STREET, SUITE 506
COOPER CITY FL 33330

Changed 05/07/2003

## Registered Agent Name & Address

GREGORY, DANIEL
12951 N.W. 23RD STREET
PEMBROKE PINES FL 33028 US

Address Changed: 05/07/2003

## Officer/Director Detail

**Name & Address**

Title CEO

GRAHAM, TODD
6597 COBIA CIRCLE
BOYTON BEACH FL 33437

Title PRES



EXHIBIT
B

GREGORY, DANIEL
12951 NW 23RD STREET
PEMBROKE PINES FL 33028

Title SEC

O'TOOLE, SEAN
808 BRICKELL KEY DRIVE UNIT #902
MIAMI FL 33131

## Annual Reports

**Report Year Filed Date**
**2005**    05/26/2005
**2006**    04/26/2006
**2007**    04/30/2007

## Document Images

04/30/2007 -- ANNUAL REPORT

04/26/2006 -- ANNUAL REPORT

05/26/2005 -- ANNUAL REPORT

04/30/2004 -- ANNUAL REPORT

05/07/2003 -- REINSTATEMENT

**Note: This is not official record. See documents if question or conflict.**

Home  Contact us  Document Searches  E-Filing Services  Forms  Help
Copyright and Privacy Policies
Copyright © 2007 State of Florida, Department of State.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TEAM ENTERPRISES, INC.,                        Case No.
a Massachusetts Corporation, and
RETAILTRAC, L.L.C.,
A Delaware Corporation,

       Plaintiff,

vs.

KEN WAHLER, individually, and
SALESTRAC, INC., a Maryland
Corporation,

       Defendants.

_____/

## DECLARATION OF KEN WAHLER IN SUPPORT OF NOTICE OF REMOVAL

Ken Wahler deposes and says:

1.    I make this declaration under penalty of perjury in accordance with 28 U.S.C. §

1746, in support of Defendants' Notice of Removal.

2.    I am a citizen of the State of Maryland and reside in Baltimore County, Maryland.

3.    I am the president of defendant SalesTrac, Inc.  SalesTrac, Inc. is a corporation

formed under the laws of Maryland, and its principal office is located in Baltimore County,

Maryland.

Under penalties of perjury, I declare that I have read the foregoing declaration and that

the facts stated in it are true.

                            Kenneth H. Wahler.
                            KEN WAHLER



℀JS 44  (Rev. 11/05)

# CIVIL COVER SHEET

# 07-21697

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

Team Enterprises, Inc. and RetailTrac, L.L.C.

(b) County of Residence of First Listed Plaintiff   Massachusetts
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard A. Alayon, Esq.
Brooks & Alayon, LLP, 4551 Ponce de Leon Blvd.
Coral Gables, FL  33146   (305) 221-2110

## DEFENDANTS

Ken Wahler and SalesTrac, Inc.

CIV-UNGARO
MAGISTRATE JUDGE
O'SULLIVAN

County of Residence of First Listed Defendant   Maryland
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

Andrew R. Herron. Esq., Herron Jacobs Ortiz, 1401 Brickell Ave.,
Suite 840, Miami, FL  33131 (305) 779-8106

(d) Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-21697-CV-UU-JTO

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☑ 2  Removed from State Court
☐ 3  Re-filed- (see VI below)
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. sec. 1332. Breach of alleged oral contract / fraud in the inducement regarding software development.

LENGTH OF TRIAL via 2 ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ▶75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  7/3/07

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 962647

07/03/07