UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TEAM ENTERPRISES, INC.,
A Massachusetts and Florida Registered
Corporation, and RETAILTRAC, L.L.C.,
a Delaware and Florida Registered Limited
Limited Company,

        Plaintiffs,

v.

KEN WAHLER, a resident of Maryland,
Individually, and SALESTRAC, INC., a
Maryland Corporation,

        Defendants.

_____/

CASE NO.: 07-21697-CIV-UNGARO

## ORDER REGARDING CONFIDENTIALITY

WHEREAS, certain information of the parties and non-parties which has already been produced or which may be subject to discovery in this action may contain proprietary data or other confidential information, and

WHEREAS, the parties have not yet reached an agreement as to the entry of an order to protect the confidentiality of that date or information, but each desires to cause the entry of such order;

IT IS HEREBY ORDERED AS FOLLOWS:

1.    <u>Right to Designate Information as Confidential</u>:  Any party may designate as "Confidential Information" information (regardless of form) produced or furnished in response to any party's discovery request, subpoena or other formal inquiry.

2.    <u>Good Faith Application of F.R.C.P. 26(c)(7)</u>:  Parties producing documents may designate as confidential only such information as the party deems confidential, in accordance with Rule 26(c)(7) of the Federal Rules of Civil Procedure, on the basis that such information is non-public and constitutes or relates to trade secrets or other confidential, proprietary, research,

development or commercial information, which the producing party has not publicly disclosed and would not ordinarily disclose to persons other than its corporate affiliates, officers, directors, employers or employees, agents, or by order of the Court. Nothing in this Order shall prevent any party from challenging the designation of any document or information as confidential.

3.    Definition of Confidential Information:   As used herein, the term "Confidential Information" means information designated as Confidential Information by a party in writing, or orally if recorded as part of a deposition or court proceeding, and information which is or can be derived therefrom.   Confidential Information shall include all such designated information whether disclosed during interviews, depositions, court proceedings, settlement discussions, production of tangible evidence, testimony or other discovery response or objection to discovery. The designation of any document or information as "Confidential Information" shall not constitute an admission or adjudication that such material in fact constitutes or contains any private, proprietary or Confidential Information.

4.    Identification of Confidential Information:   Each party shall designate which materials are considered confidential by placing on, or affixing to, each document the word "Confidential". In the case of an interrogatory answer, deposition testimony, testimony in a court proceeding, admission or other discovery response, such words shall be placed or affixed immediately preceding the portion of such matter as contains such Confidential Information. When only a portion of a document or page contains Confidential Information, only that portion may be designated by the producing party. To designate confidential material consisting of multi-page documents bound together by staples or other binding, only the first page need to stamped or marked "Confidential", provided, however, that if a multi-page document contains both allegedly confidential and non-Confidential Information, then the designating party shall

indicate plainly on the document itself or in a cover memorandum which portions contain Confidential Information.

5.    Protection of Confidentiality:    Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by litigation counsel for the party to whom disclosure thereof was made and shall not be disclosed to any person except as provided herein without the written authorization of the attorney for the designating party.   Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure thereof.

6.    Access to Confidential Information:   Counsel for any party receiving information designated as Confidential Information are to be governed by the following restrictions in their use of the Confidential Information produced to them and information derived therefrom:

A.    Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case.  For that purpose only, counsel for the parties may disclose such information to: (a) the Court, court personnel and court reporters as required in the course of a court proceeding; (b) any party to this action and those officers, directors, partners, employees and agents of the parties who are charged with managing and directing the conduct of this action; (c) other counsel working on this litigation; (d) bona fide and regular employees of counsel for the parties and photocopy services; (e) authors, addressees or persons copied on the particular document as issue; (f) experts retained by the parties for purposes of consultation or testimony at trial and those working under their direction and control;

(g) any witness (and counsel for such witness) called or to be called as a witness at a deposition or the trial of this action; and (h) counsel for insurers of the defendants.

B.       Before disclosure of Confidential Information to any person as permitted by subsections (f), (g) or (h) of the preceding paragraph, such person shall read a copy of this Order and sign a confidentiality in the form attached hereto as Appendix A.

C.       Nothing contained herein shall restrict any party from providing access to its own Confidential Information to any individuals or entities of its own choosing.  Such disclosures shall not affect any confidential designation made pursuant to this Order so long as disclosure is made in a manner reasonably calculated to maintain the confidentiality of the information.

7.       <u>Disclosure of Information Obtained Independently of Formal Discovery</u>: Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of any document, material or information legitimately obtained by such party or witness independently of the formal discovery proceedings in this action, whether or not such document, material or information is also obtained through formal discovery proceedings and designated as Confidential Information.

8.       <u>Limitation on Copying</u>:  Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be Confidential, shall be so marked, and shall be subject to the provisions of this Order.

9.       <u>Third Party Production</u>:  This Order shall apply to documents produced by third parties pursuant to subpoenas.  If any non-party producing information or documents by agreement, pretrial discovery or an order of the court wishes to designate such information as Confidential Information in the manner described in paragraph 4, such non-party shall be

permitted to make such designation and such information shall be treated the same under this Stipulation and Order as Confidential Information produced and designated by the parties.

10.     Depositions: Nothing in this Order shall prevent the use by a party or non-party of its own Confidential Information at depositions, with appropriate safeguards.   At any deposition or portion thereof in which Confidential Information will be disclosed, each party may require the deposition witness and/or reporter to read and sign a Confidentiality Agreement if he or she is required to do so pursuant to Paragraph 6(B) above and has not already done so. Persons in attendance at depositions, other than those listed in Paragraph 6(A), may be limited at the request of the party during the disclosure of its Confidential Information.  Upon request of any party or non-party, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition. The testimony to be so designated shall be transcribed separately, and the fact of such transcript and every copy shall be stamped or marked "Confidential" by the court reporter; provided, however, that if a deposition contains both allegedly confidential and non-Confidential Information, then only the confidential portion thereof shall be so designated.  The parties and any non-party deponent shall additionally have 30 days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Information. Upon request by any party or non-party, either at the deposition or (in writing) after the deposition, the entire deposition transcript shall be treated as confidential for a period up to the expiration of that 30-day period. If there has been no request for confidential treatment after 30 days from the date of transcription, the transcript may not be designated as Confidential. Confidential Information, if filed with the Court, shall be filed under seal unless otherwise ordered by this Court.

11.     <u>Confidential Information to be Filed with Court Under Seal</u>:  All portions of the

pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to

reproduce, summarize or paraphrase Confidential Information shall be filed in sealed envelopes

or other appropriate sealed containers on which shall be endorsed the title of this action, an

indication of the nature of the contents of such sealed envelope or other container, the words

"CONFIDENTIAL PURSUANT TO STIPULATION OF THE PARTIES AND ORDER OF

THE COURT" and statement substantially in the following form:

Confidential

> This envelope contains information that has been designated as
> Confidential and is not to be opened and its contents are not to be
> Disclosed to any person other than the Court or its Clerks except by
> Order of the Court, or upon stipulation of the parties.

Provided, however, that the filing of any pleading, motion or other document under seal, and the

designation of such documents with the foregoing legend, shall be without prejudice to any

party's right to argue to the Court that the pleading, motion, brief or other document in question

is not confidential and need not be preserved under seal.

12.     <u>Disputes as to Confidentiality</u>:  A party may contest the designation of any

information designated as Confidential Information.  A failure to challenge the designation shall

not constitute agreement that such designation is valid and shall not prejudice any party or

person.  If a party objects, in writing, to another party's or non-party's designation of

Confidential Information, and good faith attempts to resolve the dispute fail, then the party

challenging the designation of the information as Confidential may move for an order on the

propriety of the designation, setting forth the reasons why the designation is not proper.  In the

event of such challenge, the party designating the information shall have the burden of showing

that the information is confidential under Rule 26(c)(7).

13.     Legal Process:  In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process or request directed at compelling the production of confidential Information, that recipient shall immediately notify the party that designated that information Confidential, so as to afford the producing party ample opportunity to contest that subpoena, legal process or request.  Nothing in this Stipulation and Order shall prevent any party from opposing such contest.

14.     Amendment:  Nothing herein shall prevent the parties from agreeing to amend this Order, nor shall it prevent any party from moving for an amendment of this Stipulation and Order either during or after the conclusion of this action, nor shall it prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

15.     Trial and Post-Trial:  This Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

16.     Disposition on Termination of Action:  Within 60 days of the entry of an Order finally terminating this action, including all appeals, and unless the parties agree otherwise, each party shall, at the option of the party in possession of a designating party's Confidential Information, either destroy or assemble and turn over to counsel for the designating party all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof; provided, however, that counsel of record may retain one set of pleadings, documents filed with the Court, depositions and discovery responses, and any documents and copies thereof which are work product, said materials to remain subject to this Stipulation and Order.  If the receiving party chooses to destroy the documents or material designated as

Confidential Information, that party shall serve an Affidavit of destruction upon counsel for the designated party.

17.     Any person who violates this Order may be subject to court-ordered sanctions, including the imposition of monetary fines.

The foregoing is approved and adopted as the ORDER of the Court.

DONE AND ORDERED at Miami, Florida this _15_ day of January, 2008.

URSULA UNGARO JOHN J. O'SULLIVAN
UNITED STATES DISTRICT JUDGE
MAGISTRATE

cc:     All Counsel of Record

## APPENDIX A

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Order Regarding Confidentiality (the "Order") in the case of TEAM ENTERPRISES, et al v. KEN WAHLER, et al, Case No. 07-21697-CIV-UNGARO, pending in the United States District Court for the Southern District of Florida, a copy of which Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as stipulated in the Order. I further agree and attest to my understanding that breach of this Agreement may be actionable by any party who designated the Confidential Information disclosed in violation of the Order, and that in the event I fail to abide by the terms of the Order, I may be subject to sanctions imposed by the Court.

_____

Signature

_____

Name (Printed)

_____

Street Address

_____

City, State, Zip

_____

Occupation or Business