UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 07-21697 CIV-UNGARO/O'SULLIVAN

TEAM ENTERPRISES, INC.,
a Massachusetts Corporation, and
RETAILTRAC, L.L.C.,
A Delaware Corporation,

      Plaintiffs,

v.

KEN WAHLER, individually, and
SALESTRAC, INC., a Maryland
Corporation,

      Defendants.
_____/

## INTERIM ORDER REGARDING
## DEFENDANTS' PRODUCTION OF SOFTWARE SOURCE CODE

THIS MATTER came before the Court for hearing at 10:30 a.m. on February 21, 2008, and February 28, 2008 upon Defendants' Motion for Protective Order with Respect to Software Source Code (DE #61; the "Motion") and the Court's February 21, 2008 Order (DE 78) granting the Motion. Upon consideration of the Motion and the arguments of counsel, and in accordance with the discussions and rulings from the bench in open court at the hearing, the Court finds as follows:

    A.    The issue before the Court concerns the production of computer source code (essentially the written programming drafted by persons) underlying the disputed software in this case, as requested in Plaintiffs' first request for production.

    B.    The Court ruled from the bench at the February 21 hearing that the Motion was granted and that the source code was to be produced by March 3, 2008 in substantial conformity to the methodology used in *GM Network Ltd. v. E-Gold Ltd.*, 2002 WL 1013320 (S.D.N.Y. 2002) (plaintiff's attorney and expert could only inspect/examine defendant's source code at defendant's

*CASE NO. 07-21697 CIV-UNGARO/O'SULLIVAN*

attorneys' office and take notes, but could not copy the source code). A written Order (DE 78) to that effect followed the same day.

 C. The persons granted access to the source code under the referenced methodology were (i) Plaintiffs' litigation counsel currently of record in this case, (ii) Jimmy Perez, a member of Entellegence, LLC[1], and (iii) any retained expert witness of Plaintiffs, unless challenged by Defendants.[2]

 D. At the very conclusion of the February 21, 2008 hearing, Plaintiff asked that the protective order also permit access to the associated database in addition to the source code, and that request was approved without objection from Defendants.

 E. The Court instructed the parties to prepare an agreed form of a protective order conforming to the Court's ruling, and to submit the Order by Wednesday, February 27, 2008.

 F. Since the hearing, the Court has been advised that the parties have substantially agreed on the form of a protective order (draft attached hereto), but that the following two issues prevent preparation of a final form of order:

  1. The parties have been unable to reach agreement on the specific technical manner and form in which the source code is to be produced. There is not a disagreement between the parties per se, but Plaintiffs are not certain of the exact technical manner and form that will suffice, or that the manner and form proposed by Plaintiff (searchable text on a computer in the office of Defendants' counsel) will

---

[1] At the hearing, Plaintiffs' counsel identified Mr. Perez as a fact witness and a litigation and discovery support consultant retained by such counsel. Mr. Perez, thus, is being granted access to the Source Code under the premise and representation that neither Mr. Perez or any other member of Entellegence are currently drafting software source code directly or indirectly for Plaintiffs. Plaintiffs' counsel is admonished to ensure that such representation must be true at all times during the litigation of this case and for two (2) years after its conclusion, absent the entry of final judgment in favor of Plaintiffs.

[2] At the hearing, Plaintiffs requested that Mr. Robert McManus also be permitted to inspect the source code. Although the Court ruled that Mr. McManus could inspect the source code under the restrictions approved by the Court, Plaintiffs have since indicated that Mr. McManus will not be reviewing the source code for ethical reasons related to a current project by Plaintiffs to replace the disputed software. He is accordingly not granted access to the source code.

be sufficient. The parties are working together to resolve this dispute, and both have just recently retained software experts to conduct the source code review and to advise on this technical issue.

2. Plaintiffs contend that their end-of-hearing request for access to the database is actually a request for access to the data management configuration used in the software, its schema and tabular configuration, manipulation and presentation of data (the "Database Schema"). Defendants claim (i) that this request was never before made for such highly sensitive and proprietary information (it is apparently not source code), (ii) that they understood the request at the end of the hearing to be a request for the data itself, not the Database Schema, and (iii) that they understood only yesterday that Plaintiffs seek the Database Schema. Notwithstanding these misunderstandings regarding the Database Schema, the parties again are not necessarily in disagreement on this issue, but need further time to consider the matter, to consult with their recently retained experts regarding the appropriateness of the request (from Defendants' perspective) and the form and manner of production.

G. In addition, the parties have indicated a desire to have the protective order apply also to Plaintiffs' production of source code (and perhaps Database Schema) to Defendants, such that the parties' productions can be simultaneously reviewed by the experts. The parties also need some additional time to work that issue into the agreed protective order.

Based on the foregoing, it is

ORDERED AND ADJUDGED as follows:

The parties shall endeavor in good faith to arrive at an agreement regarding the content, quality, quantum, and method of production (by both sides) of source code and (if agreed) the

Database Schema. No later than Tuesday March 4, 2008, counsel shall present this Court with an agreed protective order reciting such agreed upon methodology of production, and directing production to commence by Friday, March 7, 2008. If counsel cannot agree in good faith to such methodology, then they shall present their competing orders to the Court with a Notice of Good Faith Reason for Disagreement. Such Notice shall include a detailed explanation of the remaining disputes and of the party's position in connection therewith. The Court shall review both statements and then either enter a protective Order it deems appropriate, or set a further hearing. Counsel are specifically urged to attempt in good faith to resolve their discovery issue by Tuesday March 5, 2008.

DONE AND ORDERED in Chambers at Miami, Florida this 28 day of February, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Court Judge Ungaro
      Counsel of record